## AUSTIN TAYLOR *v.* KENNETH H. KIRSCHNER, COMMISSIONER OF PUBLIC SAFETY
### (SC 15657)

Callahan, C. J., and Borden, Norcott, Palmer and McDonald, Js.

Argued September 24—officially released November 18, 1997

---

*Roy S. Ward,* for the appellant (plaintiff).

*Stephen R. Sarnoski,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

MCDONALD, J. The sole issue in this appeal is whether the trial court correctly determined that General Statutes § 29-32, as amended by § 6 of No. 94-1, of the 1994 Public Acts, July Special Session (Spec. Sess. P.A. 94-1), authorized the revocation of a permit to carry a pistol held by a person convicted of an offense before the effective date of that public act. We conclude that § 29-32,[1] as amended, requires the defendant, Kenneth

---

[1] General Statutes § 29-32, as amended by Spec. Sess. P.A. 94-1, § 6, provides in relevant part: "Any permit for the carrying of any pistol . . . may be revoked by the authority issuing the same for cause and shall be revoked by the authority issuing the same upon conviction of the holder of such a permit of [a violation of General Statutes § 21a-279 (c)] or upon the occurrence of any event which would have disqualified the holder from being issued the permit pursuant to subsection (b) of § 29-28."

General Statutes § 29-28 (b) provides in relevant part: "No permit to carry a pistol . . . shall be issued under this subsection if the applicant . . . (3) has been discharged from custody within the preceding twenty years after having been found not guilty of a crime by reason of mental disease or defect . . . (4) has been confined in a hospital for mental illness . . . within the preceding twelve months . . . (5) is subject to a restraining or protective order issued by a court in a case involving the use, attempted use or threatened use of physical force against another person . . . ."

Kirschner, the commissioner of public safety (commissioner), to revoke the permit to carry a pistol held by an individual convicted of a disqualifying criminal offense before the effective date of Spec. Sess. P.A. 94-1.

The facts are not in dispute. On April 16, 1989, the plaintiff, Austin Taylor, was issued a state permit to carry a pistol pursuant to General Statutes § 29-28. In April, 1991, he was convicted of possession of marijuana in violation of General Statutes § 21a-279 (c). In April, 1994, he renewed his permit to carry a pistol for a five year period pursuant to General Statutes § 29-30.

Following the passage of Spec. Sess. P.A. 94-1,[2] which became effective October 1, 1994, the commissioner revoked Taylor's permit to carry a pistol, and Taylor appealed to the board of firearms permit examiners (board), which upheld that revocation. Taylor then appealed that decision to the Superior Court, which also upheld the revocation. He thereafter appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

Taylor argues that the legislature did not intend that Spec. Sess. P.A. 94-1, § 6, be applied retroactively, and that his permit should not have been revoked because his conviction occurred prior to the effective date of the act. We reject this argument.

We conclude that Spec. Sess. P.A. 94-1, § 6, required the revocation of Taylor's permit for a crime of which

[2] Section 3 of Spec. Sess. P.A. 94-1, now codified at General Statutes § 53a-217 (c), provides in relevant part: "(a) A person is guilty of criminal possession of a pistol or revolver when he possesses a pistol or revolver . . . and . . . has been convicted . . . of a violation of subsection (c) of section 21a-279 . . . .

"(b) Criminal possession of a pistol or revolver is a class D felony."

Section 4 (b) of Spec. Sess. P.A. 94-1, which amends General Statutes § 29-28 (b), provides in relevant part: "No permit to carry a pistol or revolver shall be issued under this subsection if the applicant . . . (2) has been convicted . . . of a violation of subsection (c) of section 21a-279 . . . ."

he had been convicted prior to the act's effective date. Whether this legislation should be applied in this manner depends upon a determination of the legislature's intent. "The rules of statutory construction that govern the applicability of new legislation to preexisting transactions are well established. . . . [W]e have uniformly interpreted [General Statutes] § 55-3[3] as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . . . The Legislature only rebuts this presumption when it clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." (Internal quotation marks omitted.) *Rice* v. *Vermilyn Brown, Inc.*, 232 Conn. 780, 786, 657 A.2d 616 (1995). The parties agree that Spec. Sess. P.A. 94-1, § 6, affects Taylor's substantive right to bear arms and, therefore, § 55-3 applies.

Special Session Public Act 94-1 and its legislative history reveal the legislature's clear intent that § 29-32 be applied retrospectively. The act itself provides the most compelling indicia of the legislature's intent that it apply to current permit holders with past convictions. The act clearly requires the revocation of such permits held by persons acquitted within the past twenty years of a crime on grounds of mental illness, those committed within the past twelve months because of mental illness, and persons subject to court-issued restraining orders involving use or threats of physical force, as well as individuals convicted under § 21a-279 (c), among other offenses. General Statutes § 29-28 (b).[4] The plain language of Spec. Sess. P.A. 94-1, § 6, requires the commissioner to revoke the permit when past circumstances show unfitness, as determined by the legislature, to carry a handgun.

---

[3] General Statutes § 55-3 provides: "No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect."

[4] See footnote 1 of this opinion.

Moreover, because Taylor has been convicted of § 21a-279, § 3 of Spec. Sess. P.A. 94-1 made his future possession of a handgun a felony. See footnote 2 of this opinion. It cannot be maintained that the legislature intended both to allow the plaintiff to retain his permit to carry a pistol and, at the same time, to criminalize his doing so.

The legislative history also supports the conclusion that the provisions of Spec. Sess. P.A. 94-1, § 6, were to be applied to all persons convicted of the disqualifying offenses, without regard to when they were convicted. In interpreting legislative intent, we look to the history of the act, its objective, and its underlying policy. *Anderson* v. *Ludgin*, 175 Conn. 545, 554, 400 A.2d 712 (1978).

A cosponsor of the bill, Representative Robert G. Gilligan, made introductory comments that reveal the legislation was intended to take away the right to possess handguns from persons who "demonstrated by their conduct *in the past* that they are not fit subjects to possess or purchase a handgun." (Emphasis added.) 37 H.R. Proc., Pt. 26, Spec. Sess., July, 1994, p. 9279. With regard to Spec. Sess. P.A. 94-1, Senator George Jepsen stated: "Very briefly, what the bill does is to broaden the criteria for disqualifying certain individuals based on their own criminal behavior, past criminal behavior, or conditions that are innate to them, certain mental diseases that disqualify them for permission to purchase or own a gun." 37 S. Proc., Pt. 10, Spec. Sess., July, 1994, p. 3543. It is clear from these remarks that Spec. Sess. P.A. 94-1, § 6, was intended to revoke the permits of those persons deemed unsuitable to carry handguns, whether because of past or future events.

The purpose of Spec. Sess. P.A. 94-1, § 6, was to protect the public from the misuse of handguns. When read in that light, it is clear the legislation not only prohibited the issuance of pistol permits to individuals

who are unfit to carry handguns but also provided for the revocation of existing permits held by individuals shown to be unfit to carry handguns.

The judgment is affirmed.

In this opinion the other justices concurred.